**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,                 CASE NO. 17-20465
                                      HON. DENISE PAGE HOOD

v.

D-1 MASHIYAT RASHID,

        Defendant.

_____/

**ORDER GRANTING GOVERNMENT'S**
***EX PARTE* APPLICATION FOR POST-INDICTMENT**
**RESTRAINING ORDER [Dkt. No. 134]**
**and**
**POST-INDICTMENT RESTRAINING ORDER**
**ENJOINING PROPERTY SUBJECT TO FORFEITURE**

## I.    Introduction

On September 13, 2017, the Government filed an *Ex Parte* Application for Post-Indictment Restraining Order pursuant to 21 U.S.C. § 853(e)(1)(A) (the "Application"). Dkt. No. 134. The Application seeks to preserve the availability of real property located at 2990 W. Grand Boulevard in Detroit, Michigan, as well as any rental income generated from that property (collectively, the "Restrained Property"). The Government asserts that the Restrained Property is subject to criminal forfeiture as proceeds of Defendant's health care fraud and because the Restrained Property is traceable to property (funds) involved in money laundering.

Several filings related to the Application have been made by the Government, Defendant and a third party, Bank of America. On September 6, 2017, Defendant filed a Memorandum in Support of Appointing a Receiver for the 2990 W. Grand Boulevard property, Dkt. No. 128, and the Government filed a Supplemental Brief regarding a Request to Pay Detroit Edison Bill (previously filed by Defendant). Dkt. No. 129. On September 12, 2017, the Government filed a Second Forfeiture Bill of Particulars regarding properties subject to civil forfeiture, including the 2990 W. Grand Boulevard property. On September 13, 2017, Bank of America filed a Notice of Appearance as an Interested Party and a Miscellaneous Case Number (17-51250) was assigned for purposes of any filings by Bank of America (both of which were noted on the docket for this case by minute entry dated September 13, 2017). On September 13, 2017, Defendant filed a Memorandum Supplement in Support of Appointing a Receiver for the 2990 W. Grand Boulevard property. Dkt. No. 133.

On September 13, 2017, the Government filed the Application, including a sealed exhibit (an affidavit of FBI Special Agent Stephen Osterling)[1] in support of the Application. Dkt. Nos. 134, 135. On September 19, 2017, Bank of America filed a

_____

[1]The Government has identified the sealed exhibit as an affidavit of FBI Agent Osterling in its Reply. *See* Dkt. No 144, PgID 886-87. In its brief in support of the Application, the Government represents that FBI Agent Osterling's affidavit "establishes probable cause that Defendant obtained the 2990 W. Grand Boulevard property through the use of proceeds of his health care fraud, traceable to property involved in the money laundering offense" but does not identify any of the averments in the sealed exhibit. *Id.*

Response to the Application. Dkt. No. 5 in Case No. 17-51250.  On September 19, 2017, Defendant filed a Response to the Application, Dkt. No. 143, and the Government filed a Reply to the Responses of Defendant and Bank of America on September 20, 2017. Dkt. No. 144.  The Court has reviewed and considered all of the foregoing filings.

## II.    Applicable Law

21 U.S.C. § 853(e)(1) provides that the Court may enter a restraining order upon the filing of an indictment:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property….for forfeiture under this section–
>
>> (A) upon the filing of an indictment or information charging a violation….for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section; . . .

The purpose of pre-trial restraint of property is to preserve the availability of property that can be forfeited after trial. *In re Billman*, 915 F.2d 916, 921 (4th Cir. 1990), *cert. denied*, 500 U.S. 952 (1991).

The Supreme Court expressly approved the restraint of assets prior to trial in *United States v. Monsanto*, 491 U.S. 600 (1989), a case in which the district court restrained, under 21 U.S.C. § 853, a defendant from disposing of his house, his

apartment, and $35,000 in cash prior to trial.  The Supreme Court stated that:

> [I]t would be odd to conclude that the Government may not restrain property, such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that…the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense.

*Id*. at 615-16.  "The return of the indictment by the federal grand jury . . . represents a determination of probable cause sufficient to issue a restraining order under 21 U.S.C. § 853(e)(1)(A) . . ." *United States v. Sellers*, 848 F.Supp. 73, 75 (E.D. La. 1994); *In re Billman*, 915 F.2d at 919 ("The probable cause found by the grand jury satisfies the government's burden of proving the allegations of the indictment."). *See generally United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) ("A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged.").

The issuance of a restraining order need not be limited to real property, as it may extend to rental income from the real property if the real property is purchased with proceeds subject to forfeiture (because it is "property derived from the proceeds"). *See* 18 U.S.C. §§ 981(a)(1)(C) ("Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting "specified unlawful activity" (as defined in Section 1956(c)(7) of this title)"); 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1)  and (7) ("The court, in

imposing sentence on a person convicted of a Federal health care offense, shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense."); *United States v. Warshak*, 631 F.3d 266, 332-33 (6th Cir. 2010) (finding that when a business is solvent because of the underlying specified unlawful activity, all of its revenue is subject to forfeiture as proceeds derived from the offense); *United States v. Smith*, 749 F.3d 465 (6th Cir. 2014) (citation and internal quotation omitted) ("[t]he court concluded that fraud touched everything – from [defendant's business's] banking accounts to its day-to-day operations – meaning that the various items connected to [defendant's business's] revenue stream are subject to forfeiture because the transactions all resulted directly or indirectly from a conspiracy to commit fraud"). An agent's affidavit may serve to establish probable cause that the property subject to forfeiture has the requisite connection to the underlying crime. *See, e.g., United States v. Kaley*, 579 F.3d 1246, 1259 (11 th Cir. 2009) (court may rely on grand jury's finding of probable cause, supplemented by the FBI case agent's probable cause affidavit).

Upon a showing of probable cause that Defendant committed the underlying crime that permits forfeiture and that the subject property has the requisite connection to that crime, the Court has the power to enter an order restraining the property. *See*

*Kaley v. United States*, 134 S.Ct. 1090, 1095 (2014).

A post-indictment restraining order under 21 U.S.C. § 853(e) may be issued *ex parte*, as there is no right to a pre-restraint hearing. *See e.g., United States v. Jamieson*, 427 F.3d 394, 405-06 (6th Cir. 2005) (restraining order may be entered upon the filing of an indictment, as a post-restraint hearing pursuant to *United States v. Jones*, 160 F.3d 641 (10th Cir. 1998), is sufficient to protect a defendant's Due Process rights); *United States v. Holy Land Foundation for Relief and Development*, 493 F.3d 468, 475 (5th Cir. 2007) (*en banc*) ("a court may issue a restraining order without prior notice or a hearing").

A third-party is expressly precluded from intervening to assert an interest in the subject property prior to the entry of an order of forfeiture. 18 U.S.C. § 853(k) and (n). 21 U.S.C. § 853(k)(1) and (2) provide: "Except as provided in subsection (n), no party claiming interest in property subject to forfeiture under this section may (1) intervene in a trial . . . of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States commencing the validity of his alleged interest in the property <u>subsequent</u> to the filing of an indictment . . . alleging that the property is subject to forfeiture under this section." (emphasis added). 21 U.S.C. § 853(n)(1) and (2) provide: "(1) <u>Following</u> the entry of an order of forfeiture under this section . . . (2) [a]ny person,

other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property. . . ." (emphasis added).  21 U.S.C. § 853(n)(6) provides, in part: "If, <u>after the hearing</u>, the court determines that the petitioner has established by a preponderance of the evidence" a right to the property, "the court shall amend the order of forfeiture in accordance with its determination." (emphasis added).

## III.    Analysis

As expressly provided by 18 U.S.C. § 853(k) and (n), Bank of America has no right or ability to challenge the Application or the entry of the post-indictment restraining order requested by the Government.  In *United States v. Huntington Nat. Bank*, 682 F.3d 429 (6th Cir. 2012), the critical case Bank of America cites in support of its rights as the holder of a security interest in the 2990 W. Grand Boulevard property, the court addressed only whether that secured creditor was eligible to qualify as a bona fide purchaser for value <u>after</u> the district court had entered a preliminary order of forfeiture.  The *Huntington* decision has no bearing on the issue before the Court.  Similarly, Defendant has no right to a pre-restraint hearing. *See, e.g., Jameison*, 427 F.3d at 405-06.  Accordingly, for purposes of determining whether to grant the Application, the Court does not take into account the arguments

of Defendant or Bank of America.[2]

The Court has reviewed the Application and FBI Agent Osterling's affidavit. The Court finds that the Government has established probable cause that Defendant committed the underlying crimes and that the Restrained Property has the requisite connection to the underlying crimes. Because the Court has reached that conclusion, it enters an order restraining the property. *Kaley v. United States*, 134 S.Ct. 1090, 1095 (2014).

The Court makes the following specific findings:

1.      Pursuant to 21 U.S.C. § 853(e)(1), this Court is authorized to enter an *ex parte* restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2.      On July 6, 2017, a federal grand jury in the Eastern District of Michigan initiated the instant criminal action by returning a 10-count indictment charging Defendant and several others with conspiring and engaging in an illegal health care fraud scheme from December 2008 through July 2017 to defraud a health care benefit

---

[2]The Government, Defendant, and Bank of America should note that the Court will undertake a different analysis should a preliminary order of forfeiture be entered in this case. In that event, the relative positions of any and all persons who file a verified petition of claim will be considered, including Bank of America (and its assertion that it is a bona fide purchaser for value of the 2990 W. Grand Boulevard property) and Defendant.

program (Medicare) in violation of 18 U.S.C. §§ 1347 and 1349, as well as engaging in an illegal kickback scheme to further the health care fraud. In addition, Defendant was charged with engaging in money laundering in violation of 18 U.S.C. § 1957. Dkt. No. 1.

3.  The indictment also contains a criminal forfeiture allegation, alleging that certain real and personal properties are subject to forfeiture to the Government upon Defendant's conviction, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(a)(1) and (7), because they are property, real or personal, involved in the money laundering offense, or are traceable to such property, and/or constitute or are derived, directly or indirectly, from gross proceeds traceable to the commission of a health care offense, including conspiracy. The property to be forfeited includes that set forth in the Government's Second Bill of Particulars (Dkt. No. 132), specifically the 2990 W. Grand Boulevard property.

4.  The 2990 W. Grand Boulevard property is owned by Defendant through his company, M. Rashid Holdings, LLC, and generates significant regular monthly rental income.

5.  As a condition of Defendant's release on bond, the Court prohibits him from making "any withdrawals, transfers, sales, or other disposition of any financial resources, unless approved by Pretrial." Dkt. No. 101, at 5.

6. Subsequent to the entry of conditions for release by the Court, Defendant arranged the creation of a new corporation named "M. Rashid Holding, LLC," bearing a nearly-identical name to his corporation, "M. Rashid Holdings, LLC." M. Rashid Holding, LLC, however, is owned and controlled by Defendant's wife, Saima Rashid. Defendant entered into an agreement with his wife, Saima Rashid, for the collection of monthly rental income through a management services agreement between M. Rashid Holdings, LLC, and M. Rashid Holding, LLC.

7. A bank account for M. Rashid Holding, LLC, was opened at Credit Union One, as the bank account for M. Rashid Holdings, LLC, had been frozen by Bank of America, N.A. ("Bank of America"). Saima Rashid is a signatory on the Credit Union One account. A letter also was sent to the existing tenants of the 2990 W. Grand Boulevard property, directing them to deliver paper rent checks to a M. Rashid Holding, LLC office.

8. The 2990 W. Grand Boulevard property is currently being managed, rents are being regularly collected, and payment of obligations are being made, by the new company, M. Rashid Holding, LLC.

9. The grand jury's indictment of Defendant for the crimes charged therein constitute probable cause to believe he committed the charged offenses. *See Kaley v. United States*, 134 S.Ct. 1090 (2014). The Government's application and supporting

documentation establish probable cause that the 2990 W. Grand Boulevard property and its resulting rental income are connected to the alleged offenses and are therefore subject to criminal forfeiture.

10.     The grand jury's probable cause determination and the affidavit submitted by the Government in support of its application, are sufficient to establish a probable cause finding that the 2990 W. Grand Boulevard property and its resulting rental income constitute and/or are derived from the gross proceeds traceable to the commission of the alleged health care offenses, and/or are traceable to property involved in the alleged money laundering, and therefore would, in the event of conviction, be subject to forfeiture to the Government pursuant to 21 U.S.C. § 853.

11.     Failure to restrain, preserve, and properly account for the Restrained Property will likely result in irrevocable loss and will render the Restrained Property unavailable for forfeiture.

12.     Bank of America has asserted a secured interest in the 2990 W. Grand Boulevard property and has commenced a civil action (case no. 17-13068), in which it is seeking the appointment of a receiver for the purpose of maintaining and securing the 2990 W. Grand Boulevard property for the benefit of the existing tenants and the interested parties.

13.     The Government agrees with and does not object to the appointment of

a receiver in case no. 17-13068, subject to the conditions set forth in this order, specifically, that the funds expended by the receiver are for the limited purpose of maintaining and securing the property for the benefit of its current tenants and maximizing the value of the 2990 W. Grand Boulevard property for the benefit of all interested parties, and that all net proceeds (*i.e.*, gross proceeds less receiver's compensation and costs) from any sale of the property, as well as rental income remaining after the sale of the property, are placed in escrow with the United States Marshals Service, subject to any ancillary hearings after the entry of a preliminary forfeiture order.

14.    In the event of conviction, any third-party claims regarding the 2990 W. Grand Boulevard property, the proceeds from its sale, and its resulting rental income, may be properly brought and resolved in ancillary proceedings conducted by this Court following the execution of a Preliminary Order of Forfeiture and service of notice to all interested parties in accordance with the provisions of federal forfeiture law. See Fed. R. Crim. 32.2.

Accordingly, the Application is GRANTED.

## IV.    CONCLUSION

For the reasons stated above,

IT IS ORDERED that the Application [Dkt. No. 134] is **GRANTED**.

IT IS FURTHER ORDERED that a Restraining Order is **ENTERED**.

IT IS FURTHER ORDERED that the terms of the Restraining Order are:

### Terms of the Restraining Order

1.    Until such time as a receiver is appointed by the Court to oversee the Restrained Property (2990 W. Grand Boulevard property, as described in Dkt. No. 132, and the resulting rental income), Defendant is ordered to abide by the terms of his bond conditions and the Court's instructions on August 31, 2017, to have all expenditures of funds on behalf of M. Rashid Holdings, LLC, including those conducted by his wife Saima Rashid through her company, M. Rashid Holding, LLC, approved by Pretrial Services. Such expenditures are to be solely for the maintenance of the 2990 W. Grand Boulevard property.

2.    Defendant, Saima Rashid, their agents, employees, and family members, as well as any and all persons otherwise associated with or employed by M. Rashid Holdings, LLC, and M. Rashid Holding, LLC, (collectively, the "Restrained Parties"), are hereby restrained from taking any action that could affect the availability, marketability, or value of the subject property, including but not limited to selling, conveying, transferring, distributing, bailing, assigning, mortgaging, pledging, collateralizing, hypothecating, encumbering, wasting, secreting, damaging, diminishing the value of, disposing of, or removing from the jurisdiction of this

Court, all or any part of their interest, direct or indirect, in the Restrained Property.

3.    Restrained Parties are further barred from engaging in any communication with current or future tenants other than the collection of rental income.

4.    The Court will confer with interested parties, namely the Government, Bank of America, and Defendant, to ensure the timely appointment of a receiver to oversee the preservation of the 2990 W. Grand Boulevard property and any income generated by the property prior to a sale.

5.    Any receiver appointed to oversee the preservation of the 2990 W. Grand Boulevard property and any income generated by the property will be ordered to abide by at least the following conditions:

a.    Following the receiver's initial assessment of the Restrained Property, act expeditiously to market the 2990 W. Grand Boulevard Property for sale and take all other commercially reasonable steps in order to maximize the value of, and recovery related to, the 2990 W. Grand Boulevard property for the benefit of all interested parties;

b.    Collect all rental income generated by 2990 W. Grand Boulevard and deposit it in an account disclosed to the Government, Bank of America, Defendant, and Pretrial Services;

c. Pay only those utilities and other bills necessary to maintain and secure imminent operation of the 2990 W. Grand Boulevard property on behalf of its current tenants, including bills for repairs, maintenance, utilities, landscaping, snow and ice removal, tax payments, mortgage payments, and the receiver's fees. Any and all other expenses must be agreed to by the United States as reasonable and necessary for the maintenance and security of the property; and

d. On a monthly basis, provide an accounting to Pretrial Services, the Government, Bank of America, and Defendant, of all income and expenditures.

6. Upon appointment of a receiver to oversee the preservation of the 2990 W. Grand Boulevard property, the Restrained Parties:

a. Will be excluded from the premises of 2990 W. Grand Boulevard property and from contacting any tenants of the 2990 W. Grand Boulevard property or their representatives, until further Order of this Court;

b. Shall not make any effort to interfere with the collection or preservation of the Restrained Property by the appointed receiver; and

c. Will not attempt to terminate, interfere with, or curtail the services of the

receiver with respect to the Restrained Property during the pendency of this Restraining Order.

7.     Upon the sale of the 2990 W. Grand Boulevard property, which shall not occur before the Court is advised of the pending sale:

a.     The receiver will receive the funds and promptly thereafter petition the Court in case no 17-13068 to approve the disbursement of the net sale proceeds (*i.e.*, gross proceeds less the receiver's compensation and costs) for deposit in an appropriate account held by the United States Marshals Service, to be held in escrow until the entry of a final order of forfeiture;

b.     The receiver will also petition the Court in case no. 17-cv-13068 to approve the disbursement of all remaining rental income not used for the purposes set forth in paragraph 5 of these terms for deposit in an appropriate account held by the United States Marshals Service to be held in escrow until the entry of a final order of forfeiture; and

c.     In the alternative, in the event that the value of the property cannot be maximized through a receiver sale and Bank of America forecloses its mortgage and ultimately receives net proceeds (i.e. gross proceeds less cost of foreclosure) related to this foreclosure, either through a

third-party bidder at the foreclosure sale or through Bank of America's ultimate sale of the 2990 W. Grand Boulevard property following the expiration of the statutory redemption period, Bank of America will deposit these net proceeds in an appropriate account held by the United States Marshals Service to be held in escrow until the entry of a final order of forfeiture

### Obligations of M. Rashid Holdings, LLC, and M. Rashid Holding, LLC

8.     As the former and present managers of the 2990 W. Grand Boulevard property and its resulting rental income, M. Rashid Holdings, LLC and M. Rashid Holding, LLC, its agents, owners, and/or designees, are hereby enjoined, ordered and directed to:

    a.     **Identify All Relevant Accounts**.  M. Rashid Holdings, LLC and M. Rashid Holding, LLC shall immediately identify to the appointed receiver any and all accounts being utilized with respect to the management of the 2990 W. Grand Boulevard property or for the collection or disbursement of the 2990 W. Grand Boulevard property, and all individuals or entities who have access to or control over those accounts. Restrained Parties shall not open new accounts or change or close existing accounts relating to the management of the 2990 W. Grand Boulevard property or for the collection or disbursement of the Restrained Property without the

express approval or at the direction of the United States Marshals Service.

b. **<u>No Transactions and Retention of Restrained Property</u>**. Restrained Parties are prohibited from conducting any transaction or incurring any obligation with respect to the 2990 W. Grand Boulevard property and the resulting rental income, except if done with approval of the Court.

c. **<u>"Conducting a Transaction" and "Incurring an Obligation"</u>**. "Conducting a transaction" and "incurring an obligation" include, but are not limited to: (1) withdrawing, depositing, or transferring any property restrained by this order, whether in cash or by check, ATM, electronic, ACH, ETF, wire transfer, and/or sale; (2) writing any check or causing any kind of check to be issued; and/or (3) purchasing or leasing any good, vehicle, equipment, inventory, service, or any other business in whole or in part paying any wage, bonus, benefit, or other form of payment, remuneration, distribution to any person or entity, and/or the grant of any interest in the 2990 W. Grand Boulevard property, unless approved by the Court.

### <u>Obligations of Affected Financial Institutions</u>

9.      Any and all financial institutions holding any M. Rashid Holdings, LLC, or M. Rashid Holding, LLC, accounts which relate to the management of the Restrained Property, other than as set forth in paragraph 1 of these terms (the "**<u>Terms of the Restraining Order</u>**"), are hereby enjoined, ordered, and directed to:

a. not receive directions from, conduct transactions with, or provide any financial information relating to the management of the 2990 W. Grand Boulevard property and resulting rental income on behalf of, any of the Restrained Parties mentioned above, specifically including Defendant, Saima Rashid, their agents, employees, and family members, as well as any and all persons otherwise associated with or employed by Defendant, Saima Rashid, their agents, employees, and family members, as well as any and all persons otherwise associated with or employed by M. Rashid Holdings, LLC and/or M. Rashid Holding, LLC;

b. take all reasonable and necessary steps to ensure that all financial activity and information flow regarding the 2990 W. Grand Boulevard property and resulting rental income be conducted only by Saima Rashid, until such time as the Court appoints a receiver, and then only by the appointed receiver. No financial activity of any sort may be conducted by or at the direction of any other party other than the Saima Rashid, as specifically set forth in paragraph 1 of these terms, and subsequently the appointed receiver;

c. not take any offsets against any of the accounts related to the management of the 2990 W. Grand Boulevard property and collection

of the resulting rental income, except for usual and reasonable fees or at the direction of the Court, and continue to credit any deposits, interest, dividends, or other credits to such accounts in the ordinary course of business;

d.     respond promptly to requests by the Court-appointed receiver for information or an accounting on the current status of M. Rashid Holdings, LLC and M. Rashid Holding, LLC accounts relating to the management of the 2990 W. Grand Boulevard property and resulting rental income by account number, including updated information about the status of such accounts, balances, and activity; and

e.     remove all signatory authority of the Restrained Parties relating to the management of the 2990 W. Grand Boulevard property and resulting rental income, if any, except as provided in paragraph 1 of these terms and only until such time as the Court appoints a receiver, and provide new authorized persons with authority to act and execute financial transactions as directed by the Court-appointed receiver, and if available, allow the personnel of the receiver to have online access to M. Rashid Holdings, LLC, and M. Rashid Holding, LLC accounts relating to the management of the 2990 W. Grand Boulevard property and

resulting rental income.

**Further Orders Necessary to Effectuate Restraining Order**

10.     This Court may issue any further orders necessary to effectuate the terms and/or purposes of this Restraining Order, which purposes include preserving the availability and value of the 2990 W. Grand Boulevard property and resulting rental income.

**Service of Restraining Order by the
United States Marshals Service or Its Designee**

11.     The Government shall immediately serve a copy of this Restraining Order upon all Restrained Persons, M. Rashid Holdings, LLC, M. Rashid Holding, LLC, Bank of America, and upon all other appropriate individuals and/or financial institutions, and make a return thereon reflecting the date and time of service.

IT IS FURTHER ORDERED that this Restraining Order shall remain in full force and effect pending further orders of the Court.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  October 6, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 6, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager