UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

          Plaintiff,

v.

D-1 Mashiyat Rashid,

          Defendant.

_____/

Case No.  2:17-cr-20465

Honorable Denise Page Hood

### STIPULATED PRELIMINARY ORDER OF FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(7), and based on the guilty plea by Defendant Mashiyat Rashid to Count One, violating 18 U.S.C. § 1349, and Count Nine, 18 U.S.C. §§ 1957 and 2, the United States of America together with Defendant Mashiyat Rashid, individually and by and through his attorney, Gerald J. Gleeson II, Esq., hereby submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1.      Defendant Mashiyat Rashid has been indicted pursuant to a Superseding Indictment on Count One, Conspiracy to Commit Health Care Fraud and Wire Fraud in violation of 18 U.S.C. § 1349, Counts Two, Three, Four, and Five, Health Care Fraud in violation of 18 U.S.C. §§ 1347 and 2, Count Six, Conspiracy to Defraud the United States and Pay and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371, Count Seven, Receipt of Kickbacks in

Connection With a Federal Health Care Program in violation of 42 U.S.C. § 1320a-7b(b)(1)(A), Count Eight, Payment of Kickbacks in Connection With a Federal Health Care Program in violation of 42 U.S.C. §§ 1320a-7b(b)(2)(A)-(B), and Counts Nine and Ten, Money Laundering in violation of 18 U.S.C. §§ 1957 and 2. (Dkt. # 242). The Superseding Indictment contains a Forfeiture Allegation providing notice to Defendant that upon conviction the United States will seek forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(7). The Superseding Indictment sets forth that such property includes a forfeiture money judgment, representing the total amount of proceeds and/or gross proceeds obtained as a result of Defendant's violations as charged in the Superseding Indictment.

2. The Superseding Indictment also gives notice that the Government will seek to forfeit substitute assets pursuant to 21 U.S.C. § 853(p) up to the value of the otherwise forfeitable property.

3. On October 15, 2018, Defendant Mashiyat Rashid pleaded guilty to Counts One and Nine of the Superseding Indictment, Conspiracy to Commit Health Care Fraud and Wire Fraud in violation of 18 U.S.C. § 1349, and Money Laundering in violation of 18 U.S.C. §§ 1957 and 2, respectively.

4.     Defendant herein agrees and stipulates, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461, and 18 U.S.C. § 982(a)(7), to forfeit to the United States his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Superseding Indictment.  Pursuant to 18 U.S.C. § 982(a)(1), Defendant agrees to forfeit to the United States his interest all property involved in, or traceable to property involved in, money laundering, in violation of 18 U.S.C. § 1957, as charged in Count Nine of the Superseding Indictment.

Specifically, Defendant agrees to forfeit to the United States his interest, including any interest held by a corporation under the control of the Defendant, in the following:

a. Real property located at 2990 W. Grand Boulevard, Detroit, Michigan, and being more fully described in the United States' Second Bill of Particulars (Dkt. # 132);

b. Real property located at 2932-2942 West Grand Boulevard, Michigan and being more fully described in the United States' Second Bill of Particulars (Dkt. # 132);

c. One Thousand Nine Hundred Seven Dollars and Eighty-Seven Cents ($1,907.87) in funds from Bank of America Checking Account No. 3750-1329-2899, held in the name of National Laboratories;

d.  One Thousand Two Hundred Sixty One Dollars and Thirty Cents ($1,261.30) in funds from Credit Union One Checking Account No. 3002070104, held in the name of Tri-County Physicians Group;

e.  Six Hundred Forty Seven Dollars and Eighty-Three Cents ($647.83) in funds from Bank of America Checking Account No. 3750-1670-2991, held in the name of Tri-County Physicians Group;

f.  One Hundred Twenty Four Thousand Sixty-Four Dollars and Eighty Cents ($124,064.80) in funds from Bank of America Checking Account No. 3750-1878-7312, held in the name of Tri-State Physicians Group, PC;

g.  Forty Two Thousand Seven Hundred Thirty Seven Dollars and Seventy-Five Cents ($42,737.75) in funds from Bank of America Checking Account No. 3750-1878-7299, held in the name of New Center Medical, PC;

h.  One Thousand Four Hundred Eighty Five Dollars and Twenty-Five Cents ($1,485.25) in funds from Credit Union One Joint Checking Account No. 3002070088, held in the name of Tri-County Wellness;

i.  Twenty One Thousand Six Hundred Sixty Two Thousand Dollars and Twenty Cents ($21,662.20) in funds from Bank of America Checking Account No. 3750-1603-4737, held in the name of Tri-County Wellness;

j.  Sixty Four Thousand Six Hundred Eighty Dollars and Four Cents ($64,680.04) in funds from Bank of America Account No. 3750-1213-3302, held in the name of Mashiyat Rashid;

k.  Three Million Six Hundred Fifty Thousand Four Hundred Thirteen Dollars and Twenty-One Cents ($3,650,413.21) in funds from Bank of America Money Market Savings Account No. 3750-0935-8653 held in the name of Mashiyat Rashid;

l.  Five Hundred and Eight Thousand Four Hundred Dollars ($508,400) in U.S. Currency;

m. All Funds on Deposit and All Other Items of Value in E-Trade IRA Account Number 35950075 (Approximately $25,568.16 value, as of August 27, 2018);

n. All Funds on Deposit and All Other Items of Value in U.S. Trust-Bank of America Private Wealth Management Account No. 56-01-100-3334026 (Approximately $6,764,801.27 value, as of August 15, 2018);

o. All Funds on Deposit and All Other Items of Value in Bank of America Checking Account No. 3750-1869-2025 ($160,875.71);

p. All Funds on Deposit and All Other Items of Value in Bank of America Account No. 3750-1399-8481($25,020.61);

q. All Funds on Deposit and All Other Items of Value in Bank of America Account No. 3750-1869-2740 ($162,778.35); and

r. $2000 Cash in lieu of Detroit Pistons Full Season Ticket Membership #6135954, specifically including a license to use tickets for seats 11, 12, 13, 14, in Row 17, Section 121, for all Detroit Pistons games at Little Caesars Arena during the 2017-2018 NBA regular season.

In addition, Defendant agrees to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $49,457,829.50, representing the total value of the property subject to forfeiture for Defendant's violation of Count One of the Superseding Indictment, to the extent such value is not satisfied by the specific forfeitures set forth above.

5. Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets as he has now, or may later acquire, as substitute assets

5

under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

6. Defendant agrees to the entry of one or more orders of forfeiture incorporating forfeiture of the assets enumerated in this section and the above-referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, following Defendant's guilty plea, upon application by the United States, at, or any time before, his sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government.

7. Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

8. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), or otherwise, at the time of his guilty plea is accepted.

9. In entering into this Stipulation with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge, or any other challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

10. Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature of form, in the property that Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to his knowledge have accumulated as a result of illegal activities.

11. Defendant agrees such assistance will include agreement by Defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, to any interest in the above-described forfeiture. Such assistance will further involve an agreement by Defendant to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

12. Defendant also agrees to identify all assets over which he exercises control, directly or indirectly, including by or through corporate entities under his control, or has exercised such control, within the past five years. He will identify

all assets in which he has or had during that time any financial interest will provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owner at any time by Defendant.  He also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of his tax returns for the previous five years.

13. Defendant agrees the forfeiture provisions of his Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any particular property pursuant to that agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns, until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

Based on the Superseding Indictment, Defendant's conviction, this Stipulation, and other information in the record, and 18 U.S.C. §§ 1349 and 1957 and 2, **IT IS HEREBY ORDERED AND ADJUDGED THAT:**

1. Defendant Mashiyat Rashid shall forfeit to the United States of America any property (a) real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's conspiracy to commit health care fraud and wire fraud, in violation of 18 U.S.C. § 1349 (b) involved in, or traceable to property involved in, money laundering, in violation of 18 U.S.C. § 1957, including any interest held by a corporation under the control of the Defendant, specifically including the following:

a. Real property located at 2990 W. Grand Boulevard, Detroit, Michigan, and being more fully described in the United States' Second Bill of Particulars (Dkt. # 132);

b. Real property located at 2932-2942 West Grand Boulevard, Michigan and being more fully described in the United States' Second Bill of Particulars (Dkt. # 132);

c. One Thousand Nine Hundred Seven Dollars and Eighty-Seven Cents ($1,907.87) in funds from Bank of America Checking Account No. 3750-1329-2899, held in the name of National Laboratories;

d. One Thousand Two Hundred Sixty One Dollars and Thirty Cents ($1,261.30) in funds from Credit Union One Checking Account No. 3002070104, held in the name of Tri-County Physicians Group;

e. Six Hundred Forty Seven Dollars and Eighty-Three Cents ($647.83) in funds from Bank of America Checking Account No. 3750-1670-2991, held in the name of Tri-County Physicians Group;

f. One Hundred Twenty Four Thousand Sixty-Four Dollars and Eighty Cents ($124,064.80) in funds from Bank of America Checking Account No. 3750-1878-7312, held in the name of Tri-State Physicians Group, PC;

g. Forty Two Thousand Seven Hundred Thirty Seven Dollars and Seventy-Five Cents ($42,737.75) in funds from Bank of America Checking Account No. 3750-1878-7299, held in the name of New Center Medical, PC;

h. One Thousand Four Hundred Eighty Five Dollars and Twenty-Five Cents ($1,485.25) in funds from Credit Union One Joint Checking Account No. 3002070088, held in the name of Tri-County Wellness;

i. Twenty One Thousand Six Hundred Sixty Two Thousand Dollars and Twenty Cents ($21,662.20) in funds from Bank of America Checking Account No. 3750-1603-4737, held in the name of Tri-County Wellness;

j. Sixty Four Thousand Six Hundred Eighty Dollars and Four Cents ($64,680.04) in funds from Bank of America Account No. 3750-1213-3302, held in the name of Mashiyat Rashid;

k. Three Million Six Hundred Fifty Thousand Four Hundred Thirteen Dollars and Twenty-One Cents ($3,650,413.21) in funds from Bank of America Money Market Savings Account No. 3750-0935-8653 held in the name of Mashiyat Rashid;

l. Five Hundred and Eight Thousand Four Hundred Dollars ($508,400) in U.S. Currency;

m. All Funds on Deposit and All Other Items of Value in E-Trade IRA Account Number 35950075 (Approximately $25,568.16 value, as of August 27, 2018);

n. All Funds on Deposit and All Other Items of Value in U.S. Trust-Bank of America Private Wealth Management Account No. 56-01-100-3334026 (Approximately $6,764,801.27 value, as of August 15, 2018);

o. All Funds on Deposit and All Other Items of Value in Bank of America Checking Account No. 3750-1869-2025 ($160,875.71);

p. All Funds on Deposit and All Other Items of Value in Bank of America Account No. 3750-1399-8481($25,020.61);

q. All Funds on Deposit and All Other Items of Value in Bank of America Account No. 3750-1869-2740 ($162,778.35); and

r.  $2000 Cash in lieu of Detroit Pistons Full Season Ticket Membership #6135954, specifically including a license to use tickets for seats 11, 12, 13, 14, in Row 17, Section 121, for all Detroit Pistons games at Little Caesars Arena during the 2017-2018 NBA regular season.

1. A forfeiture money judgment is granted and entered against Defendant Mashiyat Rashid in the amount of $49,457,829.50, representing the total value of the property subject to forfeiture for Defendant's violation of Count One of the Superseding Indictment, to the extent such value is not satisfied by the specific forfeitures set forth above.

2. The forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, any assets that Defendant has now, or may later acquire, may be forfeited as substitute assets under 21 U.S.C. 853(p)(2).

3. The United States of America is permitted to seize specific property subject to forfeiture whether held by Defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property, upon entry of an amended preliminary order of forfeiture enumerating the specific substitute property, pursuant to Fed. R. Crim. P. 32.2(b)(2)(A) and (b)(3).

4. This Stipulated Preliminary Order of Forfeiture shall become final as to the Defendant upon entry, and shall become the Final Order of Forfeiture at the

time of Defendant's sentencing and shall be made part of the sentence and included in the Judgment.

5. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Agreed as to form and substance:

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/Shankar Ramamurthy
SHANKAR RAMAMURTHY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9562
Shankar.Ramamurthy@usdoj.gov

Dated: November 9, 2018

/s/Gerald J. Gleeson (with consent)
GERALD J. GLEESON
Counsel for Defendant
840 w. Long Lake Rd., Suite 200
Troy, MI 48098
(248) 267-2001
gleeson@millercanfield.com

Dated: November 9, 2018

/s/Mashiyat Rashid (see attached pg)
Defendant Mashiyat Rashid

Dated: November 9, 2018

*********************************************

**IT IS SO ORDERED.**

Dated: November 20, 2018

**S/Denise Page Hood**
Denise Page Hood
United States District Court Judge

in the Judgment.

6. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Agreed as to form and substance:

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

/s/Shankar Ramamurthy
SHANKAR RAMAMURTHY
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9562
Shankar.Ramamurthy@usdoj.gov

Dated: November 9, 2018

GERALD J. GLEESON
Counsel for Defendant
840 w. Long Lake Rd., Suite 200
Troy, MI 48098
(248) 267-2001
gleeson@millercanfield.com

Dated: November 9, 2018

Defendant Mashiyat Rashid
Dated: November 9th, 2018

*********************************************
**IT IS SO ORDERED.**

Dated: _____

Denise Page Hood
United States District Court Judge

13