# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MASHIYAT RASHID,

    Defendant.

_____/

Case No. 17-20465

HON. DENISE PAGE HOOD

## ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL [#566]

Defendant Mashiyat Rashid entered a Rule 11 plea agreement on October 15, 2018, and was sentenced on March 3, 2021. Before the Court is Gerald J. Gleeson's Motion To Withdraw As Counsel (the "Motion"), which was filed on March 11, 2021. [ECF No. 566] Immediately before filing the Motion, Mr. Gleeson, Defendant's trial counsel, filed a Notice of Appeal on Defendant's behalf. [ECF No. 565] Judgment was entered on April 1, 2021. In the Motion, Mr. Gleeson states that Defendant has pleaded guilty and been sentenced. Mr. Gleeson requests that this Court appoint separate counsel to review the Defendant's potential claims on appeal. Mr. Gleeson contends that any claim Defendant could allege would involve ineffective assistance

of counsel, for which Mr. Gleeson would have a conflict of interest and not be of help to Defendant.

A criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). The "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). A motion for new court appointed counsel based upon a defendant's presumed dissatisfaction with his counsel is addressed to the sound discretion of the trial court. *United States v. White*, 451 F.2d 1225 (6th Cir. 1971). The defendant's right to "court appointed counsel does not carry with it the right to select a particular attorney." *Id.*

Local Criminal Rule 57.1 of the Eastern District of Michigan states:

(a) An attorney, whether retained or appointed, who enters a post-indictment appearance shall continue to represent the defendant until the case is dismissed, the defendant is acquitted, or the direct appeal is completed unless the attorney is granted leave to withdraw by the District Court or the Court of Appeals if notice of appeal has been filed.

(b) An attorney who has appeared in a criminal case may thereafter withdraw only by written motion served upon the defendant personally or at the defendant's last-known address and upon all other parties. The

> Court may deny a motion to withdraw if the attorney's withdrawal would unduly delay trial of the case, or be unfairly prejudicial to any party, or otherwise not be in the interest of justice.

L. Cr. R. 57.1.

When presented with a motion to withdraw by defense counsel, the district court must make an inquiry into the timeliness of the motion and the extent of the conflict between the attorney and client. *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001). These factors must be balanced with the public's interest in the prompt and efficient administration of justice. *Id.* If the defendant "has not evidenced his dissatisfaction or wish to remove his appointed counsel," "the need for an inquiry will not be recognized[,]" and the motion may be denied. *Id.*

In this case, Defendant filed a Notice of Appeal concurrent with the filing of the Motion. The Notice of Appeal did not become effective until April 1, 2021, however, when the Judgment was entered. Fed.R.App.P. 4(b)(2). Accordingly, this Court has the authority to rule on the Motion.

Based upon the Motion and Defendant's plea agreement (which includes a waiver of appeal of his conviction and the sentence he received), the Court concludes that Mr. Gleeson's motion is warranted. Any appeal is likely to involve allegations of ineffective assistance of counsel. Mr. Gleeson's motion was filed in a timely

manner because it was filed before Judgment was entered. The Court finds that the Notice of Appeal was timely filed and that there is sufficient time to appoint new counsel to enable Defendant to carry out any appropriate appeal. For these reasons, the Court grants Mr. Gleeson's Motion to Withdraw as Counsel. A new CJA panel attorney will be assigned by the Federal Community Defender.

Accordingly,

IT IS ORDERED that Gerald J. Gleeson's Motion for Leave to Withdraw as Counsel [ECF No. 566] is **GRANTED**.

IT IS FURTHER ORDERED that the Federal Community Defender shall promptly appoint Defendant new CJA counsel.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: April 29, 2021