## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                   Case No. 17-cr-20465

D-1 MASHIYAT RASHID,              Hon. Denise Page Hood

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S SECOND MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 807]

On July 27, 2022, Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [ECF No. 748] The Government filed a response, to which Defendant replied. On January 5, 2023, the Court denied the July 22, 2022 Motion. ECF No. 790. The Defendant filed a Notice of Appeal on January 18, 2023, though no appeal of the Court's determination was ever filed. ECF No. 791.

On February 1, 2023, the Defendant appears to have submitted a new request for compassionate release to the Warden at FCI McKean. ECF No. 807, PageID.10895. On April 12, 2023, Defendant filed a second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Second Motion"). [ECF No. 807] The Second Motion is fully briefed. The Court denies the Second Motion.

## I.    Background

Defendant has been detained since October 2017, when this Court determined

that Defendant was not complying with the conditions of his bond and revoked his

bond. ECF No. 170.  On October 15, 2018, Defendant pleaded guilty to Counts One

and Nine of the Superseding Indictment.  Four of his co-defendants went to trial in

February 2020, and Defendant testified on behalf of the Government at that trial.

All four of those co-defendants were convicted by a jury.  Defendant had not been

sentenced by the time that trial concluded because, with the agreement of the

Government and the Court, Defendant was not to be sentenced until after the trial of

Francisco Patino ("Patino"), a defendant in a related case.   A month after the trial

of those four co-defendants, the Covid-19 pandemic commenced.  As a result, the

Patino trial, as well as the sentencings of Defendant and the four co-defendants who

went to trial, each of whom desired to be sentenced in person, were delayed.

The Court eventually scheduled and held the Patino jury trial in August-

September 2021 (the first such criminal trial held in the Eastern District of Michigan

after the onset of the Covid-19 pandemic).  By February 2021, however, Defendant

could no longer wait to be sentenced, and he insisted on being sentenced as soon as

possible.  The Court held Defendant's sentencing on March 3, 2021.  Despite a

guideline range of 360 months, and the Government's request of 216 months after a 40% reduction of sentence from that guideline range due to Defendant's cooperation, the Court sentenced Defendant to a term of 180 months. As of March 3, 2021, (a) none the four co-defendants who went trial had been sentenced, (b) only one of Defendant's 14 co-defendants (Hina Qazi, a comparatively minor participant) had been sentenced, and (c) Patino had not gone to trial.

Defendant testified on behalf of the Government at the Patino trial. Patino recently was sentenced to 198 months in prison – 18 months more than Defendant. Defendant has served more than one-third and less than 40% of his sentence.

## II.    Analysis

When seeking a reduction in sentence for extraordinary and compelling reasons, a defendant must first exhaust all administrative remedies or wait 30 days after the warden's first receipt of the request.18 U.S.C. § 3582(c)(1)(A); *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). It is undisputed that Defendant has exhausted his administrative remedies through the Bureau of Prisons.

In resolving motions pursuant to 18 U.S.C. § 3582(c)(1)(A), district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) if so, whether the applicable § 3553(a) factors

warrant such a reduction. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *United States v. Ruffin*, 978 F.3d 1000, 1006-07 (6th Cir. 2020). A third consideration, the U.S.S.G. § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions. *United States v. Elias*, 984 F.3d 516, 518–20 (6th Cir. 2021) (citing *Jones*, 980 F.3d at 1108); *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021); *United States v. Tomes*, 990 F.3d 500, 503, n.1 (6th Cir. 2021) (citations and internal quotations omitted) (a court "may look to § 1B1.13 as relevant, even if no longer binding," but "may not proceed as though § 1B1.13 constrains its analysis of what constitutes extraordinary and compelling reasons for release.").

As to whether extraordinary and compelling circumstances exist to merit a sentence reduction in a case, the Sixth Circuit concluded that "in the absence of an applicable policy statement for inmate-filed compassionate release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *Elias*, 984 F.3d at 520. *See also Jones*, 980 F.3d at 1109; *United States v. McDonel*, 513 F.Supp.3d 752, 755 (E.D. Mich. 2021) (quoting *Elias*).

"Extraordinary" is defined as "exceptional to a very marked extent." Webster's Third International Dictionary, Unabridged (2020). "Compelling" is

4

defined as "tending to convince or convert by or as if by forcefulness of evidence." *Id.* A court in the Eastern District of Michigan has described the requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreparable harm or injustice would result if the relief is not granted." *See United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (citations omitted).

Defendant contends that a combination of his health conditions and the length of his sentence, which he contends is significantly longer than the sentences of his co-defendants – namely Patino -- and the average health care fraud sentence, constitute extraordinary and compelling circumstances justifying a reduction in his sentence.

### A.    Health Conditions

Defendant has a number of health conditions, including obesity, asthma (for which he uses Albuterol daily), hypertension, and high cholesterol, all of which are conditions that may elevate risk while being incarcerated during the COVID-19 pandemic. Although Defendant did not discuss his health conditions in detail in the Second Motion, he did so in his previous compassionate release motion. As the Court stated in its January 5, 2023 Order, the authority upon which Defendant relies

was issued in 2020 – before any vaccines were available to incarcerated persons. The Sixth Circuit has since concluded that, if a defendant has access to the vaccine, the COVID-19 pandemic itself does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Lemons,* 15 F. 4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)).[1]

Defendant not only has had access to the Covid-19 vaccine, he has received it. He also contends that he has contracted and recovered from Covid-19 two times (the record does not indicate when that occurred).

Many defendants have been denied release pursuant to Section 3582(c)(1)(A)(i), even with health conditions similar to Defendant's, when they have had access to or received the Covid-19 vaccine, including if they have previously contracted the Covid-19 virus. *See, e.g.*, *United States v. Banks*, No. 18-

---

[1] Many other courts have held that extraordinary and compelling circumstances are lacking, and a compassionate release is not warranted, based on the threat of Covid-19 alone, when a vaccine is available. *See, e.g., United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021); *United States v. Wills*, 2021 WL 2179256, at *1 (D. Or. May 27, 2021); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021); *Gale v. United States*, 2021 WL 1912380, at *3 (E.D. Va. May 12, 2021); *United States v. Jackson*, 2021 WL 1145903 (E.D. Pa. Mar. 25, 2021); *United States v. Jackson*, 2021 WL 3417910, at *3 (E.D. Mich. Aug. 5, 2021); *United States v. Swarn*, 2021 WL 4077344, at *2 (E.D. Mich. Sept. 8, 2021).

cr-20462, 2022 WL 2679417 (E.D. Mich. July 11, 2022) (denying compassionate release to inmate suffering from COPD, lupus, high blood pressure, arthritis, and obesity because she had access to the COVID-19 vaccine); *United States v. Jackson*, No. 19-cr-20396, 2022 WL 107577 (E.D. Mich. Jan. 11, 2022) (denying compassionate release to inmate with hypertension and asthma because he had received the COVID-19 vaccine); *United States v. Mukherjee*, No. 4-cr-50044, 2022 WL 2703955 (E.D. Mich. July 12, 2022) (denying compassionate release to 80-year-old defendant with hypertension, diabetes, obesity, kidney disease, and enlarged prostate because he had received the COVID-19 vaccine and recovered from a prior infection, such that his "proven resilience to COVID-19 belies the alleged comorbidity of his diagnoses.").

For the reasons stated, the Court concludes that Defendant has not, based on his health conditions, demonstrated an extraordinary and compelling reason for reducing his sentence.

**B.     Disparity in Sentencing**

Defendant contends that his sentence, as compared to the average health care fraud sentence and the sentences of his co-defendants – specifically, Patino – was so disparate as to constitute an extraordinary and compelling reason to have his

sentence reduced. Defendant contends that Patino will serve less time than Defendant, despite a sentence 18 months longer than Defendant's, because Patino will have his sentenced reduced as an elderly offender. For the reasons set forth in the Court's January 5, 2023 Order related to the comparative sentences of Pappas, Betro, Zahoor, and Omar, the Court is not persuaded by Defendant's arguments and reasoning. Again, Defendant was the mastermind and primary force behind the health care fraud scheme perpetrated in this case, including with respect to Patino at the outset of Patino's fraudulent activity while working with Defendant.

Defendant established the business model and recruited physicians (and others) to carry out a system that, among other things: (a) harmed patients, both by utilizing painful facet injections to treat them and by providing them with opioids; (b) fraudulently billed Medicare over $150 million; and (c) allowed him to profit at significantly greater levels than his co-defendants, specifically, and health care fraud defendants, generally. For these reasons, the Court finds that Defendant is mistaken when he suggests that his offenses were similar to other health care fraud defendants, especially those defendants who were sentenced in the vicinity of the average term of 30 months in prison.

As noted in the January 5, 2023 Order, Defendant was sentenced in 2021 at

his insistence and despite being advised by the Court of possible sentence disparities

that might result from being sentenced before his co-defendants who went to trial,

Defendant was sentenced before the Patino trial at which he was to testify (for which

the Government may have requested that the Court grant an even greater reduction

in sentence) – and nearly a year before the Court sentenced any of the four co-

defendants who went to trial. *See* ECF No. 583, PageID.7804-06, 7833-35 ("there is

some inability of the Court to be able to make a determination about what those

sentences might in fact might be" and the Court required that Defendant's counsel

"acknowledge[e] that [the co-defendants who went to trial] have not yet been

sentenced," so Defendant would be sentenced "without the benefit of knowing what

[the Court] anticipate[s] [their] sentences would be").

Finally, Defendant continues to ignore the fact that he was sentenced to half

of the applicable guideline range relative to the crimes of which he was convicted.

Defendant also overlooks the fact that, even after the Government asked the Court

to depart downward from the applicable sentencing guidelines by 40%, the Court

departed downward even further and imposed a sentence that was 85% of the

reduced sentence the Government requested.

### C.   Loss

Defendant cites to a case from the Third Circuit Court of Appeals holding that the calculation of "loss" in Guidelines Section 2B1.1(b) is the actual loss resulting from the relevant criminal conduct, as opposed to the intended loss, defined in the commentary to the Guidelines provision. *See United States v. Banks*, No. 19-3812 (3d. Cir 2022). The Court finds that *Banks* is not relevant to the Defendant's sentence, even if it was a controlling precedent (as it is from the Third Circuit, it is not).   Accordingly, the Court concludes that the intended loss was appropriately applied because "it was clear that his intent was to get as much as what he billed as possible." ECF No. 584, PageId.7841-42). The use of intended loss to calculate the Guidelines range is permitted in the Sixth Circuit. *See United States v. Murphy*, 815 F.App'x 918, 924 (6th Cir. 2020) ("We have consistently applied the commentary on 'intended loss' when calculating the Guidelines range.").   Accordingly, the Court is not persuaded by Defendant's loss argument.

### D.   Restitution

Defendant argues that his restitution obligation is higher than it should be, but the size of the Defendant's restitution judgment is not a basis for granting compassionate release.  The Court summarily rejects this argument.

### E.   Culture at FCI McKean

Defendant suggests that the Court should consider the "culture" at FCI McKean, citing inmate access to liquor, commercial food, and cell phones. The Court finds that such conditions are not "extraordinary and compelling" justifications for granting a compassionate release.

### F.   Conclusion

For the reasons stated above, the Court finds that, even when taking into consideration a combination of Defendant's health, the Covid-19 pandemic, and the myriad arguments set forth by Defendant in his Second Motion, Defendant has not established an(y) extraordinary and compelling reason(s) to reduce his sentence.

## III. Conclusion

Accordingly,

IT IS ORDERED that Defendant's April 12, 2023, second Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [ECF No. 807] is DENIED.

Dated: June 29, 2023                     s/Denise Page Hood
                                         DENISE PAGE HOOD
                                         UNITED STATES DISTRICT JUDGE